Peter Winebrake
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERRENCE JONES, *on behalf of himself and others similarly situated*, <br> Plaintiff, <br> v. <br><br> PORTABLES UNLIMITED RETAIL, LLC, <br> Defendant. | COMPLAINT – COLLECTIVE ACTION <br><br> JURY TRIAL DEMANDED <br><br> FILED ELECTRONICALLY ON SEPTEMBER 30, 2019 |

Terrence Jones ("Plaintiff") brings this action against Portables Unlimited Retail, LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Massachusetts Minimum Fair Wage Law ("MMFWL"), Mass. Gen. L. ch. 151. Plaintiff's FLSA claim is asserted as a collective action per 29 U.S.C. § 216(b), while his MMFWL claim is asserted on behalf of himself alone.

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, while jurisdiction over the MMFWL claim is proper under 28 U.S.C. § 1367(a).

2. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff resides in Medford, MA.

4. Defendant is a corporate entity maintaining a headquarters and principal place of business at 136 First Street, Nanuet, NY 10954 (Rockland County).

5. Defendant's annual gross volume of sales made or business done exceeds $500,000.00.

6. Defendant employs individuals who handle, sell, or work on goods or materials that have been produced in or for commerce.

## FACTS

7. Defendant operates at least 40 retail stores that, *inter alia*, sell cellular phones, plans, accessories, and services to customers.

8. Defendant staffs each store with at least one store manager who is paid a salary. Plaintiff was so employed by Defendant at the Medford, MA store from December 2018 until August 2019. His annual salary was $40,000.00.

9. Defendant's stores are sparsely staffed. Thus, Plaintiff spent the great majority of his working hours either alone in the store or with only one other store employee.

10. Plaintiff, like other salaried store managers, spent virtually all of his working hours performing the same customer service and sales activities as the store's non-salaried staff.

11. Plaintiff, like other salaried store managers, regularly worked over 40 hours per week. Specifically, Plaintiff often worked over 60 per week and sometimes worked over 70 hours.

12. Plaintiff, like other salaried store managers, did not receive any overtime premium compensation for hours worked over 40 per week.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings his FLSA claim as a collective action on behalf of all salaried store managers employed by Defendant in the United States during the past three years.

14. The FLSA claim should proceed as a collective action because Plaintiff and other

collective members, having worked pursuant to the common pay policies and practices summarized above, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## COUNT I – FLSA

15. All previous paragraphs are incorporated as though fully set forth herein.

16. The FLSA entitles employees to overtime compensation "not less than one and one-half times" their regular pay rate for all hours worked over 40 per week.  *See* 29 U.S.C. § 207(a)(1).

17. Defendant willfully violated the FLSA by failing to pay Plaintiff and other collective members overtime premium compensation for hours worked over 40 per week.

## COUNT II – MMFWL

18. All previous paragraphs are incorporated as though fully set forth herein.

19. The MMFWL entitles employees to overtime premium compensation "not less than one and one half times" the employee's regular pay rate for hours worked over 40 per week. *See* Mass. Gen. L. ch. 151, § 1A.

20. Defendant willfully violated the MMFWL by failing to pay Plaintiff overtime premium compensation for hours worked over 40 per week.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and other collective members, seeks the following relief:

- A. Unpaid overtime wages and prejudgment interest;
- B. Liquidated and treble damages;
- C. Litigation costs, expenses, and attorneys' fees; and

D.	Such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff requests a jury trial as to all claims so triable.

Date: October 3, 2019

Respectfully,

_____
Peter Winebrake
R. Andrew Santillo (*pro hac vice* admission anticipated)
Mark J. Gottesfeld (*pro hac vice* admission anticipated)
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com

*Attorneys for Plaintiff*